FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 JUL 26 PM 3:24
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**MATTHEW THOMAS SMITH**

**VERSUS**

**BLAKE OFFSHORE, LLC and ABC INSURANCE COMPANY**

**CIVIL ACTION**

**NO.: 07-3873**

**SECTION: SECT. L MAG. 4**

**SEAMAN'S COMPLAINT**

The complaint of **MATTHEW THOMAS SMITH**, a person of the full age of majority and a resident of the Parish of Avoyelles, State of Louisiana, with respect represents:

I.

This Court has jurisdiction over this matter under the Jones Act pursuant to 46 U.S.C. § 688 and U.S. Const. art. III §2 and 28 U.S.C. § 1333.

II.

Complainant is entitled to and requests a trial by jury.

III.

Defendant, **BLAKE OFFSHORE, LLC**, is a Louisiana corporation residing and doing business in, and capable of being sued in, the Eastern District of Louisiana.

Fee $350.
Process
X Dktd
CtRmDep
Doc. No.

IV.

Defendant, **ABC INSURANCE COMPANY**, is a foreign insurer doing business in and capable of being sued in the Eastern District of Louisiana.

V.

On August 14, 2006, Complainant was employed by Defendant, Blake Offshore, LLC, as a floorhand acting in the course and scope of his employment as a member of the crew of the JACKUP drilling rig/vessel BLAKE 303 in such a manner as to contribute to its overall intended purpose.

VI.

At all material times, the JACKUP drilling rig/vessel BLAKE 303 was owned, operated, controlled and/or chartered by Defendant, Blake Offshore, LLC.

VII.

At all material times, the aforesaid vessel was a vessel in navigation, situated in the Gulf of Mexico in Block 95 off the coast of the Parish of Cameron, State of Louisiana.

VIII.

On the aforesaid date, Complainant was injured when his left arm and body were pulled/jerked as he attempted to close and lock the draw work elevators on the drill floor onto a drill collar.

IX.

The above-referenced accident was the result of negligence attributable to Defendant, Blake Offshore, LLC, or its agents, servants or employees in the following particulars, among others, which will be shown at the time of trial:

1. In failing to render prompt and adequate medical treatment to Complainant following his accident and injury;
2. In failing to provide Complainant with a safe place in which to work;
3. In failing to provide Complainant with a competent, sufficient skilled and adequate crew;
4. In acting without regard to the safety of Complainant;
5. In failing to generally exercise the degree of care commiserate with the conditions existing at the time; and
6. Other acts which may be discovered during the course of discovery.

X.

The JACKUP drilling rig/vessel BLAKE 303 was unseaworthy in the following particulars, among others, which will be shown at the time of trial:

1. By virtue of those things set forth in the previous paragraph;
2. In that it was manned with an inadequate, unskilled, incompetent and insufficient crew;

3. In that Complainant was provided with an unsafe place in which to work; and

4. Other conditions of unseaworthiness which may be discovered during the course of discovery.

XI.

As a result of the above-referenced acts of negligence and condition of unseaworthiness, Complainant has sustained serious and permanent injuries to his arm, shoulder and other parts of his body, causing him great pain and suffering, and preventing him from attending to his usual occupation, all to his damage and detriment.

XII.

Complainant is entitled to recover from Defendants damages an amount to be fixed by the trier of fact for past, present and future aspects of the following: lost wages and earning capacity, lost fringe benefits, medical expenses, pain and suffering, mental anguish, disability, disfigurement, loss of ability to enjoy life, loss of ability to pursue happiness, maintenance, cure and found, in the amount of ONE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($1,750,000) among other damages which may be shown at the time of trial.

XIII.

On or about July 19, 2007, Blake Offshore, LLC terminated Complainant's employment with it, which termination was motivated completely, or alternatively, in

substantial part, by the knowledge that Complainant had exercised his right to consult an attorney and/or intended to make claim and/or file a personal injury action against Blake Offshore, LLC, entitling Complainant to resulting expenses of finding new employment, lost earnings while seeking another position, lost future earnings and mental anguish.

XIV.

At all material times, in full force and effect was a policy of liability and/or protection and indemnity insurance written by Defendant, ABC Insurance Company, which provides coverage for all claims asserted herein.

**WHEREFORE**, Complainant, **MATTHEW THOMAS SMITH**, prays for trial by jury and that Defendants, **BLAKE OFFSHORE, LLC** and **ABC INSURANCE COMPANY**, be duly cited to appear and answer the Complaint, and after due proceedings are had, that there be judgment against Defendants in the amount of ONE MILLION SEVEN HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($1,750,000), together with legal interest thereon from the date of judicial demand and for all costs of these proceedings.

Respectfully Submitted,

**J. PRICE McNAMARA (20291)**
9431 Common Street
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-201-8313
Counsel for Complainant, Matthew Smith